# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **FIRST TIME VIDEOS, LLC,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 11 C 3831 |
| **DOES 1-76,** | ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff First Time Videos, LLC, a producer of adult entertainment content, filed this suit against seventy-six unnamed defendants,[1] alleging a claim for copyright infringement under the Copyright Act, 17 U.S.C. § 504, and a common-law claim for civil conspiracy. Plaintiff claims that the defendants illegally reproduced and distributed one of its copyrighted videos using so-called BitTorrent technology. As one court has explained, BitTorrent:

> is a decentralized method of distributing data. Since its release approximately 10 years ago, BitTorrent has allowed users to share files anonymously with other users. Instead of relying on a central server to distribute data directly to individual users, the BitTorrent protocol allows individual users to distribute data amo[ng] themselves by exchanging pieces of the file with each other to eventually obtain a whole copy of the file. When using the BitTorrent protocol, every user simultaneously receives information from and transfers

---

[1] Twelve of the Doe defendants have since settled with plaintiff.

> information to one another. In the BitTorrent vernacular, individual downloaders/distributors of a particular file are called "peers." The group of peers involved in downloading/distributing a particular file is called a "swarm." A server which stores a list of peers in a swarm is called a "tracker." A computer program that implements the BitTorrent protocol is called a BitTorrent "client."

*MCGIP, LLC v. Does 1-30*, No. C11-03680 HRL, 2011 WL 3501720, at *1 (N.D. Cal. Aug. 10, 2011) (quoting *Diabolic Video Productions, Inc. v. Does 1-2099*, No. 10-CV-5865-PSG, 2011 WL 3100404, at *1 (N.D. Cal. May 31, 2011)).

Because it has so far been able to identify the alleged infringers only by their internet protocol ("IP") addresses, plaintiff filed a motion for expedited discovery, requesting that it be allowed to subpoena the Doe defendants' Internet service providers ("ISPs") for identifying information associated with each IP address, including the individuals' names, addresses, telephone numbers, and e-mail addresses. In response, several of the putative Doe defendants have filed motions to quash the subpoenas and/or to dismiss the complaint. For the reasons discussed below, the motions are denied.

**Motion to Quash**

The Doe defendant identified with Internet Protocol Address No. 71.239.21.116 ("Doe 71.239.21.116") has moved to quash the subpoena. "Under Rule 45(c), courts must quash a subpoena where it requires disclosure of privileged or other protected matter, if no exception or waiver applies or where it subjects a person to undue

burden." *First Time Videos, LLC v. Does 1-500*, No. 10 C 6254, 2011 WL 3498227, at *8 (N.D. Ill. Aug. 9, 2011) (Castillo, J.) (quotation marks omitted). Doe 71.239.21.116's argument does not specifically speak to Rule 45's requirements but instead broadly argues that the subpoena violates his/her first amendment right to anonymous speech. This argument is routinely advanced in cases similar to this one, and it has consistently been rejected. Although courts have found that file-sharers' activities are entitled to first amendment protection, they have emphasized that the protection is minimal and that it does not cover illegal conduct such as copyright infringement. *See, e.g.*, *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 349-54 (D.D.C. 2011) ("File-sharers . . . do engage in expressive activity when they interact with other users on BitTorrent. The First Amendment interest implicated by their activity, however, is minimal given that file-sharers' ultimate aim is not to communicate a thought or convey an idea but to obtain movies and music for free.") (citations and quotation marks omitted); *see also First Time Videos, LLC v. Does 1-500*, No. 10 C 6254, 2011 WL 3498227, at *9 (N.D. Ill. Aug. 9, 2011); *MGCIP vs. Does 1 - 316*, 10 C 6677 (N.D. Ill. June 9, 2011) (Kendall, J.); *Hard Drive Productions, Inc. v. Does 1-30*, 11 C 345, 2011 WL 2634166, at *3 (E.D. Va. July 1, 2011); *Donkeyball Movie, LLC v. Does,* 10–1520 (BAH), 2011 WL 1807452, at *3 (D.D.C. May 12, 2011); *Sony Music Entertainment*

*Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 565 (S.D.N.Y. 2004).

Arguments advanced by other putative Doe defendants in support of their motions to quash are similarly unconvincing. For example, Doe 98.215.224.86 argues that the subpoena requires production of "certain documents . . . that are likely located in the state of New Jersey and not Illinois." Doc. 25 at 1-2. Doe 98.215.224.86 argues that the subpoena has therefore been issued by the wrong court, since subpoenas must be issued by a court located in the district where the documents are physically located. *Id.* However, no explanation or evidence is offered in support of the claim that the documents in question are likely to be found in New Jersey.

Similarly, Doe 67.184.193.186[2] argues that the subpoena should be "quashed because it does not contain any information about the claimed copyrighted work, for example, file name and/or movie name nor file type and/or movie type, on the allegedly uploaded and/or downloaded movie using a computer assigned to the I.P. address 67.184.193.186 on May 5." Doc. 17 ¶ 12. That is incorrect: the complaint specifically identifies the movie in question as "FTV – Tiffany." *See* Compl. ¶ 3. Doe 67.184.193.186 also argues that the subpoena should be quashed because he/she "has no idea how [he/she] may possibly be connected with" plaintiff's copyright infringement claim. Doc. 17 ¶ 4. It is well-settled that such general denials

---

[2] Putative Doe defendant's motion identifies himself in one place with the IP address 67.184.193.186, but in another place with 67.184.185.211.

-4-

of liability cannot serve as a basis for quashing a subpoena. *See, e.g.*, *Voltage Pictures, LLC v. Does 1-5,000*, 2011 WL 1807438, at *2 (D.D.C. 2011); *First Time Videos*, 2011 WL 3498227, at *8 (N.D. Ill. Aug. 9, 2011); *MGCIP vs. Does 1 - 316*, 10 C 6677 (N.D. Ill. June 9, 2011); *MCGIP, LLC v. Does 1-18*, No. C-11-1495 EMC, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011); *Donkeyball Movie*, 2011 WL 1807452, at *2; *Achte/Neunte Boll Kino Beteiligungs Gmbh & Co., Kg. v. Does 1-4,577*, 736 F. Supp. 2d 212, 215-16 (D.D.C. 2010). For these reasons, the defendants' motions to quash are denied.

**Motion to Sever**

Does 71.239.21.116 and 98.215.224.86 argue that their joinder as defendants in the instant suit is improper and ask that they be severed and dropped from the action. Questions concerning the propriety of joinder are addressed by Fed. R. Civ. P. 20. Specifically, under "Rule 20, [p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." *First Time Videos, LLC v. Does 1-500*, No. 10 C 6254, 2011 WL 3498227, at *9 (N.D. Ill. Aug. 9, 2011) (quotation marks omitted). Beyond "the two requirements of Rule 20(a)(2), the Court also considers whether joinder would prejudice any party or result in needless delay."

*Id.*

At this stage, joinder is appropriate. First, the complaint alleges that all of the Doe defendants were part of a common scheme. For example, the complaint asserts that "[i]n using the peer-to-peer BitTorrent file distribution method, each Defendant engaged in a concerted action with other Defendants and yet unnamed individuals to reproduce and distribute Plaintiff's Video by exchanging pieces of the Video file in the torrent swarm." Compl. ¶ 33.

Defendants point out that, according to the complaint, several dozen distinct IP addresses were involved in the illegal downloading, and that the downloading is alleged to have taken place over the space of more than a month (between April 25, 2011 to June 6, 2011). Given the particular nature of BitTorrent technology, however, these differences do not make joinder inappropriate. As the complaint alleges, "[t]he series of transactions in this case involved exchanging pieces of the Video file with other Defendants in the group of individuals who were sharing pieces of the file among one another (i.e. the torrent swarm) to obtain a complete copy of the Video. The nature of the BitTorrent distribution protocol necessitates a concerted action by many people in order to disseminate files, such as the Video, and Defendants intentionally engaged in this concerted action with other Defendants by entering the torrent swarm." Compl. ¶ 8. For

the same reason, courts in other cases involving file-sharing via BitTorrent protocol have similarly held that joinder is appropriate. *See, e.g.*, *MGCIP v. Does 1-316*, 2011 WL 2292958, at *2 ("[G]iven the decentralized nature of BitTorrent's file-sharing protocol-where individual users distribute the same work's data directly to one another without going through a central server-the Court finds that sufficient facts have been plead to support the joinder of the putative defendants at this time."); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 339 (D.D.C. 2011)("BitTorrent . . . allows users to share files anonymously with other users. When a user downloads a specific file through BitTorrent – in this case, plaintiffs' copyrighted motion pictures – data is transferred in a piecemeal fashion whereby a different piece of the data [is received] from each user who has already downloaded the file . . . . The nature of the BitTorrent file-sharing technology makes every downloader also an uploader of the illegally transferred file(s).") (quotation marks omitted); *West Coast Productions, Inc. v. Does 1-5829*, No. 11-57 (CKK), 2011 WL 2292239, at *5 (D.D.C. June 10, 2011) ("Plaintiff alleges that each John Doe Defendant participated in a single 'swarm' of BitTorrent users in which Plaintiff's copyrighted film was unlawfully shared, downloaded, and distributed. Plaintiff alleges that the BitTorrent protocol allows users in the 'swarm' to download and upload from each other simultaneously. Therefore,

Plaintiff has alleged that the John Doe Defendants were sharing Plaintiff's copyrighted film with one another via the BitTorrent protocol.") (citations omitted).

Second, the suit involves questions of law and fact that are common to all defendants. Plaintiff's complaint singles out several legal questions underlying the claims against each defendant: "(A) Whether the Plaintiff is the owner of the copyrighted works at issue; (B) Whether 'copying' has occurred within the meaning of the Copyright Act; (C) Whether entering a torrent swarm constitutes a willful act of infringement; (D)Whether entering a torrent swarm constitutes a civil conspiracy; and (E) Whether and to what extent Plaintiff has been damaged by the Defendant's conduct." Compl. ¶ 8.

Doe 71.239.21.116 insists that the suit involves no common questions of fact. Even if this claim were true, however, joinder would remain appropriate because, as noted, the case involves common questions of law, and Rule 20 merely requires the presence of common questions of either law or fact. However, despite defendants' assertion to the contrary, the suit does involve common questions of fact. Since plaintiff alleges that the defendants used the BitTorrent protocol to reproduce and distribute the copyrighted video, the factual inquiry into alleged copyright infringements will be substantially identical. As Judge Castillo recently observed in another suit brought by plaintiff, the methods

used "to investigate, uncover, and collect evidence about any infringing activity will be the same as to each Doe Defendant." *First Time Videos*, 2011 WL 3498227, at *2.

It is true that some courts in this District have reached different conclusions on the issue of joinder. For example, in some cases, courts have severed all but the first of the Doe defendants from the action and subsequently dismissed the suit against the first Doe defendant for lack of personal jurisdiction. *See, e.g.*, *Future Blue, Inc. v. Does 1-300*, 10 C 6256 (N.D. Ill. June 8, 2011) (Conlon, J.); *Lightspeed v. Does 1-1000*, 10 C 5604 (N.D. Ill. Mar. 31, 2011) (Manning, J.); *Millenium [sic] TGA Inc. v. Does 1-800*, 10 C 5603 (N.D. Ill. Mar. 31, 2011) (Manning, J.); *see also Hard Drive Productions Inc. v. Does 1-58*, No. C 11-02537 LB, 2011 WL 3443548, at *4 (N.D. Cal. 2011) (Beeler, Mag. J.). However, the allegations at issue in the latter cases were different from those here. For example, *Lightspeed* and *Millenium TGA* involved many more defendants than are present here, and in both cases, the plaintiff had "provided no good-faith basis for its allegation that . . . each Defendant may be found in this district and/or a substantial part of the acts of infringement complained of . . . occurred in this District." *Lightspeed*, 10 C 5604 (N.D. Ill. Mar. 31, 2011) (quotation marks omitted). The court found the plaintiff's failure to allege such a basis particularly egregious given the existence of "easily accessible tools exist to verify the

locations of the IP addresses of the other named Doe defendants."
*Id.*

Here, however, plaintiff has provided a good faith basis for alleging that the infringement occurred in this District. Specifically, the complaint alleges that plaintiff used "geolocation technology to trace IP addresses of each Defendant to a point of origin within the State of Illinois." Compl. ¶ 6. And in any event, findings of misjoinder in such cases are rare. The overwhelming majority of courts have denied as premature motions to sever prior to discovery. *See, e.g.*, *First Time Videos*, 2011 WL 3498227, at *11; *MGCIP*, 2011 WL 2292958, at *2; *MCGIP, LLC v. Does 1-18*, No. C-11-1495 EMC, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011); *Call of the Wild Movie*, 770 F. Supp. 2d at 342-45; *Donkeyball Movie, LLC v. Does 1-171*, No. 10-1520(BAH), 2011 WL 1807452, at *7 (D.D.C. May 12, 2011); *West Coast Prod., Inc. v. Does 1-5829*, Civil Action No. 11-57(CKK), 2011 WL 2292239, at *5-*6 (D.D.C. Jun. 10, 2011); *Hard Drive Productions, Inc. vs. John Does 1-44*, 11 C 2828 (N.D. Ill. Aug. 9, 2011) (Holderman, C.J.).

This does not entirely foreclose the possibility that certain of the defendants might be able at a later time to identify factual differences that would warrant severance from this action. However, "[p]rospective factual distinctions . . . will not defeat the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B) at this stage in the litigation." *FTV*, 2011

WL 3498227, at *10. Accordingly, the defendants' motions for severance are denied.

**Personal Jurisdiction**

Does 71.239.21.116 and 98.215.224.86 additionally contend that the complaint should be dismissed for lack of personal jurisdiction. For example, they argue that the complaint's allegations fail to indicate that the alleged copyright infringement took place in Illinois. *See* Doc. 13 at 2. As already noted, this is not true, for plaintiff claims to have traced the defendants' IP addresses to Illinois. Moreover, to the extent that the suit poses questions concerning personal jurisdiction, defendants' arguments are once again premature. Without discovery regarding the identity of the various Doe defendants, it is unclear whether the individuals in question are parties to the suit; and even assuming they are parties, I lack sufficient information at this time for evaluating their jurisdictional defenses. *See, e.g.*, *First Time Video*, 2011 WL 3498227, at *9. Accordingly, the motions to dismiss for lack of personal jurisdiction are denied at this time. *See, e.g.*, *First Time Videos*, 10 C 6254 (N.D. Ill. Aug. 11, 2011); *Hard Drive Productions, Inc. vs. John Does 1-44*, 11 C 2828 (N.D. Ill. Aug. 8, 2011); *MGCIP vs. Does 1 - 316*, 10 C 6677 (N.D. Ill. June 9, 2011); *Call of the Wild Movie, LLC v. Does 1-1,062*, 70

F. Supp. 2d 332, 347 (D.D.C. 2011); *Sony*, 326 F. Supp. 2d at 567.[3]

**Conclusion**

For the reasons discussed above, the motions to quash are denied.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated: August 16, 2011

---

[3] Does 71.239.21.116 and 98.215.224.86 have moved for fees and costs under 17 U.S.C. § 505 in the event that their motions to quash are granted. *See* 17 U.S.C. § 505 ("In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."). Since the motions to quash have been denied, the latter motions also are denied.